**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JAMES LEE BRENT**                                                            **PETITIONER**

**v.**                                            **CIVIL ACTION NO.: 3:22-cv-192-CWR-MTP**

**BURL CAIN**                                                                **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §
2254 [1] filed by James Lee Brent ("Brent"). After careful consideration of the parties'
submissions and the applicable law, the undersigned recommends that the Petition be denied.

## FACTS AND PROCEDURAL HISTORY

Brent was initially convicted of armed robbery, kidnapping, and possession of a firearm
on August 24, 2016, in the Circuit Court of Madison County, Mississippi. ([22-6] at 110). On
appeal, the Mississippi Court of Appeals reversed Brent's conviction for possession of a firearm
by a felon and rendered a verdict in Brent's favor on that charge. *See Brent v. State*, 247 So. 3d
367 (Miss. Ct. App. 2018). The court of appeals also granted Brent a new trial on the armed
robbery and kidnapping charges.

On December 4, 2018, a jury convicted Brent of armed robbery and kidnapping in the
Madison County Circuit Court. The trial court sentenced Brent to serve two concurrent life
sentences in the custody of the Mississippi Department of Corrections as a violent habitual
offender under Mississippi Code Annotated § 99-19-83. The instant habeas petition is based on
Brent's conviction after the new trial on the armed robbery and kidnapping charges.

Brent appealed his sentences with the assistance of counsel. The Mississippi Supreme
Court summarized the facts underlying Brent's convictions as follows:

Rayshaun Banks worked the third shift as a forklift operator at a factory in Canton, Mississippi. At approximately 3:00 a.m. on November 12, 2015, Banks took his lunch break and walked outside to his 2008 Chrysler Sebring sedan. Upon reaching his car, Banks noticed that his driver-side rear tire was low and decided to drive to the Shell gas station in Canton to add air to it.

After getting some quarters from inside the gas station, Banks bent down and began adding air to the tire. A man [(Brent)] approached Banks from behind, undetected, and pressed something "[l]ike the barrel of a gun" against the back of his head. Banks told Brent that he did not have any money. Brent then ordered Banks into the driver's seat and told Banks to drive Brent to Jackson. Banks complied with Brent's orders because Banks thought Brent had a gun. Banks explained that he feared for his life and believed that Brent was going to shoot him.

As the two were headed south on I-55 toward Jackson, Banks told Brent that he could get Brent some money out of the bank. Brent then told Banks to take the Gluckstadt exit and go to an ATM. Banks complied. After pulling up to an ATM, Banks explained to Brent that Banks needed to step out of the car to retrieve his wallet. When Banks stepped out of his car, he immediately ran to a nearby Sonic restaurant and told the Sonic employee to call the police. Banks then noticed a sheriff's deputy at the Exxon nearby and ran to the deputy for help. At the same time, Brent was spotted driving past the Exxon in Banks's car. Banks was then taken to the Canton Police Department and provided a statement about what happened.

Later that same morning, Investigator Terence Ware with the Canton Police Department contacted Banks and asked for Banks to come to the department and speak with him. While Banks was explaining to Investigator Ware what happened, Investigator Ware received a call from the Jackson Police Department stating that they had Brent and Banks's car in custody.

After Brent had signed an acknowledgment and waiver of his Miranda rights, Investigator Ware interviewed Brent that afternoon. Brent admitted that he took Banks's car without permission, but he denied ever having a gun. Instead, Brent claims that he had placed two fingers behind Banks's head to imitate a gun. Brent demonstrated this to Investigator Ware. When asked why Banks ran and left Brent sitting in the car at the ATM, Brent responded that he guessed Banks got frightened. Neither Canton police nor Jackson police ever recovered a gun.

*Brent v. State*, 296 So. 3d 42, 45–47 (Miss. 2020), *reh'g denied*, June 4, 2020 (Cause No. 2019-KA-00095-SCT).

On July 12, 2019, appointed counsel for Brent filed a *Lindsey*[1] brief, stating that no arguable issues exist in the record. ([22-7] at1-10). Brent also filed a *pro se* supplemental brief raising four issues for review (as stated by Petitioner):

I.      Whether the State proved each and every essential element of the crimes charged in the indictment brought against Appellant beyond a reasonable doubt.

II.     Whether Appellant's fundamental protected right under the Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding.

III.    Whether the trial court "improperly" instructed the jury on an "overt act" when in fact Appellant was not charged with said "act" in the indictment found by the grand jury[,] constructively amending Appellant's indictment to conform to the proof that the prosecution attempted to adduce at trial changing as it did the offense charged into another crime not charged nor found by the grand jury.

IV.     Whether the prosecution failed to prove beyond a reasonable doubt that Appellant had been sentenced to and had served separate terms of one year or more on each of his prior convictions under §99-19-83 making his conviction as a habitual offender constitutionally illegal.

([22-7] at 16). The Mississippi Supreme Court unanimously affirmed Brent's convictions and sentences in a published opinion. *See Brent v. State*, 296 So. 3d 42, 45–47 (Miss. 2020), *reh'g denied*, June 4, 2020 (Cause No. 2019-KA-00095-SCT).

Brent then filed an Application for Leave to Proceed in the Trial Court, in which he asserted the following grounds (as stated by Petitioner):

I.      Whether the indictment is fatally defective by law and therefore void.

II.     Whether the jury was sworn.

III.    Whether the trial judge abused his discretion by failing to give proper *Sharplin* instruction; improperly vouched for State's evidence[;] and invaded the providence of the jury.

---

[1] *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).

3

IV.     Whether [the] State improperly offered lesser-included offense instruction against objection from defense.

V.      Whether [the] trial judge abused his discretion by granting lesser-included offense instruction over objection from defense.

VI.     Whether trial counsel was ineffective.

    a.  Failure to request both a circumstantial instruction and a two-theory instruction as to the armed robbery charge.

    b.  Failure to object to defective indictment.

    c.  Failure to object to jury instructions that were disjunctive and constructively amended the indictment.

    d.  Failure to raise the "insufficiency of the elements" allegedly added to the jury instruction and in the "disjunctive indictment" for which Brent argues that no evidence was presented to the jury.

VII.    Whether appellate counsel was ineffective.

    a.  Failure to raise issue on appeal regarding motion for mistrial due to flawed *Sharplin* instruction.

    b.  Failure to address on appeal and argue ineffective assistance of trial counsel.

    c.  Failure to argue on appeal the four enumerated issues [of ineffective assistance of trial counsel] in Ground No. 6.

VIII.   Whether arm[ed] robbery statute was unconstitutionally applied to Brent.

([22-8] at 18-24). On May 27, 2021, the Mississippi Supreme Court issued an order denying Brent's application. ([22-8] at 114). Brent then filed a "Petition for Mandamus" which the Court construed as a request for reconsideration of his application for leave to proceed in the trial court. The Court denied his request and dismissed the petition. ([21-3]).

On April 13, 2022, Brent filed the instant Petition for Writ of Habeas Corpus [1]. He raised the following issues (as stated by Petitioner):

4

I.      Whether the indictment is fatally defective, by law, and is therefore void.

II.     Jury not sworn.

III.    Trial judge abused discretion for improper *Sharplin* instruction.

IV.     State improperly offered lesser-included offense instruction against objection of defense.

V.      Trial judge abused his discretion by granting lesser-included offense instruction over objection from the defense.

VI.     Ineffective trial counsel.

   a.  Failure to request both a circumstantial instruction and a two-theory instruction as to the armed robbery charge.

   b.  Failure to object to defective indictment.

   c.  Failure to object to jury instructions that were disjunctive and constructively amended the indictment.

   d.  Failure to raise the "insufficiency of the elements" allegedly added to the jury instruction and in the "disjunctive indictment" for which Brent argues that no evidence was presented to the jury.

VII.    Ineffective appellate counsel.

   a.  Failure to raise issue on appeal regarding motion for mistrial due to flawed *Sharplin* instruction.

   b.  Failure to address on appeal and argue ineffective assistance of trial counsel.

   c.  Failure to argue on appeal the four enumerated issues in Ground No. 6.

VIII.   The arm[ed] robbery statute was unconstitutionally applied to Brent.

([1]; [2] at 1-20). A Response [21] was filed on July 11, 2022, along with the State Court Record [22]. Brent filed his Reply [25], and this matter is now ripe for review.

## ANALYSIS

The standard of review for habeas claims to be applied by this Court is set forth in 28 U.S.C. § 2254(d), which provides that a federal court may not grant habeas relief unless the state court's adjudication of the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The "contrary to" and "unreasonable application" clauses of Section 2254(d)(1) have independent meanings. *Bell v. Cone*, 535 U.S. 685, 694 (2002).

The "contrary to" clause applies when the state court fails to apply a legal rule announced by the Supreme Court or reaches a result opposite to a previous decision of the Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The "unreasonable application" clause applies when the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id*. at 407-08. The "unreasonable application" inquiry is based on an objective standard, and "unreasonable" does not equate with "incorrect." *Garcia v. Dretke*, 388 F.3d 496, 500 (5th Cir. 2004).

Habeas corpus serves as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (internal quotations omitted). A federal court does not "sit as a 'super' state supreme court" and may decide the issues presented by the habeas petition "only to the extent that federal constitutional issues are implicated." *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986).

**Ground One: Defective Indictment**

Brent claims that the indictment was "fatally defective" because it contains the term "or" instead of "and" and that the Court should reverse his conviction and dismiss his indictment.[2] ([2] at 3-5). The Supreme Court of Mississippi found no merit to Brent's claim and dismissed his request for post-conviction relief. ([21-2]).

The sufficiency of a state indictment is not a matter justifying federal habeas corpus relief unless it can be shown that the indictment was so defective that the convicting court had no jurisdiction. *Riley v. Cockrell,* 339 F.3d 308, 313–14 (5th Cir. 2003), *cert. denied,* 543 U.S. 1056 (2005). Moreover, "[w]here the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue." *McKay v. Collins,* 12 F.3d 66, 68 (5th Cir. 1994) (citation omitted)*; see also Alexander v. McCotter,* 775 F.2d 595, 598 (5th Cir. 1985). Brent has not shown that the indictment was "so defective that the convicting court had no jurisdiction" nor has he shown that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law ..." 28 U.S.C. § 2254(d)(1). As such, Brent is not entitled to habeas relief on this ground.

---

[2] The indictment charged Brent with armed robbery in Count 1 and alleged: "JAMES LEE BRENT, on or about the 12th day of November, 2015, in the county aforesaid and within the jurisdiction of this Court, did willfully, unlawfully and feloniously take from the person **or** the presence of Rayshaun Banks against his will by putting the said Rayshaun Banks in fear of immediate injury to his person, by the exhibition of a deadly weapon, to wit: a handgun, in Madison County, Mississippi, in violation of Miss. Code Ann. § 97-3-79 (1972, as amended)." ([22-4] at 9-10) (emphasis added). The "or" tracks the language of the statute. *See* Miss. Code Ann. § 97-3-79 ("[e]very person who shall feloniously take or attempt to take from the person **or** from the presence the personal property of another…") (emphasis added).

**Ground Two: Jury Not Sworn**

Brent next argues that the jury was never sworn and that this violates his right to due process. The Supreme Court of Mississippi reviewed Brent's claim on post-conviction relief and dismissed his request. ([21-2]).

To the extent that Brent's claim challenges the trial court's application of state law and state procedural rules regarding the swearing in of a jury, the claim warrants no relief. *See Beazley v. Johnson*, 242 F.3d 248, 261 (5th Cir. 2001) ("the proper interpretation of state law is *not* cognizable in federal habeas proceedings").

To the extent that Brent's claim, liberally construed, asserts a federal due process claim, the claim also warrants no relief. In Mississippi, "[t]here is a presumption that the trial judge properly performed his duties…." *Moore v. State*, 996 So.2d 756, 761 (Miss. 2008). Moreover, "in the absence of an affirmative showing to the contrary, it will be presumed on appeal that the jury in a criminal case was sworn." *Id.*; *see also Anderson v. State*, 293 So.3d 279, 294 (Miss. Ct. App. 2019). However, in the presence of even a boilerplate statement in the record that the jury was sworn, an appellant must rebut the presumption that the jury was sworn with some contradictory evidence. *Lawrence v. State,* 928 So.2d 894, 897-98 (Miss.Ct.App.2005). The presumption cannot be overcome with a bald assertion that the jury was not sworn. *Allen v. State,* 945 So.2d 422, 425 (Miss. Ct. App. 2006).

The jurors being sworn while the court reporter is not in the room is not uncommon in Mississippi. As Judge Roberts with the Mississippi Court of Appeals acknowledged in a concurring opinion:

> A common practice throughout this state is for the circuit clerk or his deputy to administer the oath to try the issues to the entire jury venire immediately after the venire panel members have been qualified to serve. This is most often on the first day the jurors are summoned and occurs before the official court reporter enters the

> courtroom for voir dire examination or testimony. Therefore, more often than not, no formal record exists that the petit jury was ever sworn. Trial judges frequently forget to state in the record that the jury was sworn.

*Allen*, 945 So. 2d at 426. Additionally, the state court record contains multiple references to the jury being sworn. The Judgment of Conviction states: "a jury of twelve (12) good and lawful citizens and qualified electors of Madison County, Mississippi, having been duly impaneled and accepted by the parties and sworn according to law to try the issues." ([22-1] at 37). Jury Instruction No. 1 which was read by the judge to the jury states, "it would be a violation of your sworn duty…." ([22-1] at 20; [22-2] at 137)).

Though Brent argues that these phrases are boilerplate (and they are), he has not rebutted the presumption that the jury was sworn with any contradictory evidence. ([25] at 8). Brent has not presented the court with anything in this ground that would overcome the deference this court must afford to the state court's decision. Accordingly, habeas relief on this ground should be denied.

**Ground Three: *Sharplin* Instruction**

In *Sharplin v. State*, 330 So.2d 591, the Mississippi Supreme Court approved a jury instruction that a trial court may give when a jury states that it cannot reach a unanimous verdict. The trial judge may either instruct the jury to "please continue [their] deliberations" or read a pre-approved instruction that encourages jurors to "reconcile [their] differences of opinion and decide [the] case." *Id*. at 596. However, the Supreme Court of Mississippi has clarified that it is reversible error for a trial judge to attempt to "force a verdict by suggestive or coercive measures" when utilizing a *Sharplin* instruction. *See Lafayette v. State*, 90 So.3d 1215, 1219 (Miss. 2012).

Brent claims that the trial judge improperly instructed the jury by deviating "from the pre-approved appropriate *Sharplin* instruction" and that this improperly influenced the jury to find him guilty. The Supreme Court of Mississippi reviewed Brent's claim regarding the *Sharplin* instruction on post-conviction relief and rejected it. ([21-2]).

Importantly, the jury was not deadlocked during Brent's trial.[3] Instead, Brent argues that the trial judge improperly attempted to influence the jury to find in favor of the state when he made two statements. After counsel for the parties finished their closing statements, the trial judge instructed the jury:

> All right, ladies and gentlemen, you've heard all the testimony and the evidence in this case. In a moment I'm going to ask you to retire to the jury room to deliberate. Once again, I'm going to give you a copy of the jury instructions along with the exhibits to take with you. Please read these jury instructions carefully. There's also a form of the verdict instruction in here. There will be a piece of paper that you write your verdict on once you have reached a unanimous verdict. **That means that all 12 of you must agree.** You do not need to sign it. Once you have written that verdict on that piece of paper, I'm going to have you knock on the door and **let the deputy know that you have a unanimous verdict….**

([22-3] at 8) (emphasis added). After the jurors exited the courtroom for deliberations, defense counsel moved for a mistrial on the basis of the trial judge's statements. ([22-3] at 10). The trial judge responded to the motion, stating

> I said once a unanimous verdict—I don't remember exactly the language that I said, but I think that that coupled with the jury instruction back there is sufficient to instruct the jury that once they reach a unanimous verdict they write it on a separate piece of paper. I don't think that's a reason for a mistrial, but your motion is noted.

((([22-3] at 10-11).

---

[3] Nor does it appear that any *Sharplin* instruction was given. ([22-3] at 10-13).

During deliberations, the trial judge received a written question from the jury about the meaning of a jury instruction. ([22-1] at 33). After discussing the issue with counsel for both sides, the trial judge returned the jurors to the courtroom and advised them:

> I believe that you have been properly instructed. I believe that you've got enough in these instructions to make a decision. You've heard enough to make a decision. And what I want you to do is go back and read these instructions together, if you would, and I believe you could come up with a verdict at that point. But, once again, I think you've been properly instructed.

([22-3] at 12). After the jury went back to deliberate, defense counsel renewed his motion for a mistrial stating "I think it's improper to tell the jury that they have enough information to reach a decision…." ([22-3] at 12). The judge denied defense counsel's motion for a mistrial.

The Fifth Circuit has held that "[t]he trial judge must enjoy wide discretion in determining when to declare a mistrial on grounds of a deadlocked jury." *Lowenfield v. Phelps*, 817 F.2d 285, 293 (5th Cir. 1987). "To amount to a constitutional deprivation, the trial judge's action must constitute coercion that denies the accused a fundamentally fair trial." *Id.*

The record does not suggest that the trial judge coerced the jury into reaching a verdict. Instead, it appears that the judge simply attempted to clarify that in order to return a verdict, the jury must be unanimous. Moreover, the jurors already had Jury Instruction C-3 which states that "all twelve jurors must agree on any verdict in this case." ([22-1] at 23). The undersigned finds that Brent has not established that the Mississippi Supreme Court's decision on this issue is contrary to, or involves an unreasonable application of, clearly established federal law, or that the decision was based on an unreasonable determination of the facts in light of the evidence. Likewise, Brent has not shown that he was denied a "fundamentally fair trial" as a result of the trial court's statements. Habeas relief on this claim should be denied.

**Grounds Four and Five: Lesser-Included Offense Instruction**

In Ground Four, Brent argues that the state improperly offered a lesser-included offense instruction for "simple robbery," and in Ground Five Brent argues that the trial court erred in giving that instruction. Brent claims that because the lesser-included offense was not charged in the indictment it was improper to give the instruction to the jury. Brent told his attorney at trial to "object strenuously to the offer of a lesser-included offense instruction," but the trial judge found that it should be included. ([22-2] at 130-31). The Supreme Court of Mississippi reviewed Brent's claim on this ground on post-conviction relief and rejected it. ([21-2]).

Under Mississippi law, "[i]t is well settled that a lesser-included-offense instruction *should* be given unless the trial judge determines, by looking at the evidence in the light most favorable to the accused, and considering all reasonable favorable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find the defendant guilty of the lesser-included-offense, and ultimately not guilty of at least one element of the principal charge." *Odom v. State*, 767 So. 2d 242, 246 (Miss. Ct. App. 2000)(citing *Hutchinson v. State,* 594 So.2d 17, 18 (Miss.1992)). The Court of Appeals of Mississippi has found that "simple robbery is a lesser-included offense of armed robbery." *Fulcher v. State*, 805 So.2d 556, 560 (Miss. Ct. App. 2012).

Brent's argument regarding the lesser-included instruction is without merit. While the trial court allowed the lesser-included instruction of simple robbery to be given to the jury, the jury ultimately found Brent guilty of the greater offense—armed robbery. ([22-3] at 13). To the extent that Brent's argument can be construed as a lack of notice in the indictment, Brent's claim also fails.

The Fifth Circuit has held that "habeas corpus can be invoked with respect to the sufficiency of an indictment only when the indictment is so fatally defective that under no circumstances could a valid conviction result...." *Liner v. Phelps,* 731 F.2d 1201, 1203 (5th Cir.1984). The Fifth Circuit has also held that federal habeas relief on this ground is not available unless it can be shown that the indictment is so defective that it deprived the state court of jurisdiction. *McKay v. Collins,* 12 F.3d 66, 68 (5th Cir.1994); *Alexander v. McCotter,* 775 F.2d 595, 598 (5th Cir.1985). State law controls whether a state indictment is insufficient to confer jurisdiction. *Williams v. Collins,* 16 F.3d 626, 637 (5th Cir.1994). A federal court will not consider habeas claims challenging the petitioner's indictment if the issue was "presented to the highest state court on appeal, and that court found, expressly or implicitly, that the trial court had jurisdiction because the indictment was sufficient under state law." *McLamb v. Hargett,* No. 95–60057, 68 F.3d 469 (5th Cir. September 8, 1995) (unpublished) (citing *McKay,* 12 F.3d at 68).

Brent presented this identical argument regarding the sufficiency of the indictment in his post-conviction application in state court. The Mississippi Supreme Court denied relief without opinion. Because the Mississippi Supreme considered and rejected Brent's arguments in this regard, federal review is precluded. *See Alexande*r, 775 F.2d at 598.

**Ground Six: Ineffective Assistance of Trial Counsel**

Brent argues that his trial counsel was ineffective. Specifically, he argues that trial counsel failed to request both a circumstantial evidence instruction and a two-theory instruction for armed robbery, failed to object to the defective indictment, failed to object to jury instructions, and failed to object when no facts were presented for certain elements of the crimes.

To establish ineffective assistance of counsel, a defendant must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that this deficient

performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 690-91 (1984). Failure to establish either prong defeats the claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998). A court must presume that "counsel's conduct [fell] within the wide range of reasonable professional assistance," and a defendant is required to overcome that presumption. *Strickland*, 466 U.S. at 689. To demonstrate prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). "An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal quotations and citation omitted).

In considering Brent's application for post-conviction relief, the Mississippi Supreme Court reviewed his claims for ineffective assistance of counsel and dismissed his application. ([11-2]). Given that the ineffective assistance of counsel claims before this Court present a mixed question of law and fact and that *Strickland* is the "clearly established Federal law" which governs such claims, the issue in this ground is "whether the Mississippi Supreme Court's decision to reject [Petitioner's] ineffective assistance claim[s] 'involved an unreasonable application' (and not merely an incorrect application) of *Strickland*." *Neal v. Puckett,* 286 F.3d 230, 236 (5th Cir. 2002).

Initially, the undersigned will address Brent's argument that he was entitled to a detailed analysis of his claim of ineffective assistance of counsel under *Strickland* by the Mississippi

Supreme Court. Fifth Circuit precedent is clear that "infirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997); *see also Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (citing cases). "An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself." *Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir.1995). Further, the Supreme Court has held that "§2254 does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011). "Even if a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Vaccaro v. Stephens*, 566 Fed. Appx. 311, 314 (5th Cir. 2014) (citing *Harrington*, 131 S.Ct. at 785).

While Brent argues that he was entitled to a detailed opinion rejecting his claims under *Strickland*, the Supreme Court is clear that he is entitled to no such relief. "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 131 S.Ct. at 785. For the reasons which follow, it was not.

Brent maintains that his trial counsel should have secured a circumstantial evidence and two-theory evidence instruction for the armed robbery charge. Circumstantial evidence is "evidence which, without going directly to prove the existence of a fact, gives rise to a logical inference that such fact does exist." *Id*. (quoting *Keys v. State*, 478 So. 2d 266, 268 (Miss.1985)). "A two-theory instruction provides that when a jury has considered facts and circumstances along with all other evidence, and every reasonable theory of innocence has been excluded, the jury must resolve the case in favor of the defendant." *Evans v. State*, 119 So. 3d 1084, 1086

(Miss. Ct. App. 2013). At the time that Brent was tried, "if there [was] no confession or eyewitness testimony to the gravamen of the offense charged, the defendant [was] entitled to an instruction requiring the jury to exclude every other reasonable hypothesis other than that of guilt before a conviction [could] be had." *See Kennedy v. State,* 309 So. 3d 30, 36 (Miss. Ct. App. 2020)(citing *Burleson v. State,* 166 So.3d 499, 509 (Miss. 2015).[4] "To receive the two-theory instruction, the evidence must be purely circumstantial and two reasonable hypotheses or theories arising out of the evidence must be presented to the jury." *Johnson v. State*, 235 So. 3d 1404, 1412 (Miss. 2017).

However, in Brent's trial, there was direct evidence, i.e. his confession and eyewitness testimony from the victim to prove the charged offenses. Banks testified that Brent pressed what felt like a gun against the back of his head, that he feared for his life, and that Brent stole his 2008 Chrysler Sebring. Brent admitted that he put two fingers behind the victim's head, that the victim jumped out of the car because he was frightened, and that he stole the car. ([22-2] at 117-18). Because there was direct evidence to support the charge of armed robbery, a circumstantial evidence or two-theory instruction was not warranted. "Failure to raise meritless objections is not ineffective lawyering. It is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Accordingly, the Mississippi Supreme Court's application of the *Strickland* standard to these issues was reasonable, and this argument does not provide a basis for habeas relief.

Brent also argues that trial counsel should have objected to the indictment as insufficient. However, for the same reasons Brent's argument regarding the indictment are not grounds for habeas relief, Brent's claim that trial counsel should have addressed the sufficiency of the

---

[4] In *Nevels v. State*, 325 So.3d 627 (Miss. 2021), the Mississippi Supreme Court overruled this line of cases. Now, no special instruction is required for cases that rely on purely circumstantial evidence.

indictment is likewise not grounds for habeas relief. It is beyond the scope of federal habeas review to review the correctness of the state court's interpretation of state law. *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004); *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998); *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). The state court rejected this claim, thereby necessarily finding that the indictment was sufficient. Federal habeas review of that determination is precluded. *See Alexander*, 775 F.2d at 598. Moreover, Brent has not shown that the state court's rejection of this claim was unreasonable.

Next, Brent argues that Instruction S-1 was "disjunctive," that it somehow "constructively amended" the indictment, and that his trial counsel should have objected to it on that basis. In order to meet his burden under the *Strickland* test, Brent "may not simply allege but must 'affirmatively prove' prejudice." *Bonvillain v. Blackburn,* 780 F.2d 1248, 1253 (5th Cir.1986) (citing *Celestine v. Blackburn,* 750 F.2d 353, 356 (5th Cir.1984)). Jury Instruction S-1 outlines what factors the jurors must find beyond a reasonable doubt in order to find Brent guilty of either armed robbery or the lesser included offense of robbery. ([22-1] at 24-25). At trial, Brent's counsel stated "S1 is consistent with the indictment…." but objected to the lesser-included offense instruction at Brent's insistence. ([22-2] at 130-31). The trial judge considered arguments from both sides, reviewed the testimony of the victim, and decided to allow S-1 to be included over Brent's counsel's objection. He concluded "[t]hat the testimony was sufficient to warrant the S1 lesser included." ([22-2] at 135).

Brent has not shown that counsel's performance was deficient, let alone that he was prejudiced by these errors. Accordingly, he is not entitled to habeas relief on this claim.

Brent also argues that counsel should have objected more specifically to Jury Instruction S-4. Jury Instruction S-4 states:

> When a defendant makes an overt act and a reasonable person would believe that a deadly weapon is present, there is no requirement that a victim must actually see the deadly weapon in order to convict. A victim is not required to have definite knowledge of a deadly weapon in the sense that the weapon must actually be seen by the victim's own eyes.

([22-1] at 27). The Supreme Court of Mississippi reviewed this argument on direct appeal and found:

> In this case, jury instruction S–4 did not modify an element of armed robbery under Section 97-3-79. Instead, instruction S–4 explained to the jury that Banks was not required to have testified that he saw Brent with a deadly weapon in order for the jury to convict. Moreover, the jury was also instructed on the essential elements of armed robbery found in Section 97-3-79. Specifically, jury instruction S–1 explained that before the jury could find Brent guilty of armed robbery, the State was required to prove beyond a reasonable doubt that Brent placed Banks "in fear of immediate injury to his person by the exhibition of a deadly weapon, to-wit: a handgun ...." Jury instruction S–1 also instructed the jury that if the State failed to prove any of the elements of armed robbery, then it had to find Brent not guilty.

*Brent*, 296 So.3d at 51. Because the Supreme Court of Mississippi found that jury instruction S-4 accurately reflected the essential elements of armed robbery in Mississippi, Brent's counsel cannot be considered ineffective for failing to make a meritless objection. "An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim [under *Strickland*] because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir.). Brent is not entitled to habeas relief on this ground.

**Ground Seven: Ineffective Appellate Counsel**

Brent also claims that his appellate counsel was ineffective. He claims that appellate counsel should have challenged the trial court's denial of his motion for a mistrial "due to flawed *Sharplin* instruction" and argued that his trial counsel was ineffective for the four reasons he points out in Ground Six. However, the undersigned has already addressed these issues and

found no merit to them, and accordingly, counsel cannot be considered ineffective for failing to raise them. *See Kimler*, 167 F.3d at 893.

Additionally, as discussed in the undersigned's analysis of Ground Three, the trial judge enjoys "wide discretion in determining when to declare a mistrial" and there is no evidence to support Brent's claim that the trial judge abused his discretion or that Brent was denied a fundamentally fair trial. *See Lowenfield*, 817 F.2d at 293. Brent is not entitled to habeas relief on this ground.

**Ground Eight: Armed Robbery Statute**

In his last ground for habeas relief, Brent argues that the trial court incorrectly read an "overt act" element into the armed robbery statute, which caused it to be unconstitutionally applied to him. ([2] at 16). However, the Supreme Court of Mississippi found that Jury Instruction S-4 containing this "overt act" language "did not modify an element of armed robbery under Section 97-3-79" and concluded that there was no constructive amendment of the indictment. *Brent*, 296 So. 3d at 50-51.

For Brent to be entitled to federal habeas corpus relief on his claim, the "difference between the indictment and the jury instruction must 'allow the defendant to be convicted of a separate crime from the one for which he was indicted.' " *United States v. Gentler*, 492 F.3d 306, 312 (5th Cir. 2007) (quoting *United States v. Nunez*, 180 F.3d 227, 231 (5th Cir. 1999)). The "accepted test is that a constructive amendment of the indictment occurs when the jury is permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the crime charged." *See United States v. Robles-Vertiz*, 155 F.3d 725, 728 (5th Cir. 1998).

The Supreme Court of Mississippi reviewed whether there was sufficient evidence to support Brent's armed robbery conviction and found "[v]iewing the testimony in the light most favorable to the State, a reasonable juror could have found that the State proved beyond a reasonable doubt that Brent exhibited a deadly weapon." *Brent*, 296 So.3d at 48. The court acknowledged that while the victim testified that he never saw a gun, he testified that "Brent demanded money and threatened to shoot him" and that he "was in fear for his life because he though that Brent had a gun and was going to shoot him." *Id*. The victim testified at trial that Brent put what felt like the "barrel of a gun" on him and that it felt "like a metal pipe, you know, like a pistol." ([22-2] at 96, 111). Likewise, Brent admitted that he put two fingers to the back of the victim's head. ([22-2] at 117-18).

The trial court's approval of Jury Instruction S-4 follows a line of Mississippi cases holding that for purposes of armed robbery, when "a defendant makes an overt act, a victim does not have to actually see a deadly weapon. So long as the victim reasonably believes that the defendant had a deadly weapon and the defendant makes an overt act the statute is satisfied." *Dambrell v. State*, 903 So.2d 681, 689 (Miss. 2005); *see also Chilton v. State*, 245 So. 3d 525, 530–34 (Miss. Ct. App. 2017), *cert. denied*, 246 So. 3d 883 (Miss. 2018); *Trammell v. State*, 62 So. 3d 424, 428–30 (Miss. Ct. App. 2011); *Lyons v. State*, 942 So. 2d 247, 250–51 (Miss. Ct. App. 2006), *cert. denied*, 957 So. 2d 1004 (Miss. 2007).

Brent has not established that the Mississippi Supreme Court's decision on this issue is contrary to, or involves an unreasonable application of, clearly established federal law, or that the decision was based on an unreasonable determination of the facts in light of the evidence.

**RECOMMENDATION**

For the reasons set forth above, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DENIED.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the district judge, the magistrate judge and the opposing party. The district judge at the time may accept, reject or modify in whole or part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 18th day of April, 2023.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE