IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAMES LEE BRENT**,

          *Petitioner*,

v.

**BURL CAIN**,

          *Respondent*.

CAUSE NO. 3:22-CV-192-CWR-MTP

## ORDER

Before the Court is Magistrate Judge Parker's Report and Recommendation to deny petitioner James Lee Brent's petition for a *writ of habeas corpus*. *See* Docket No. 26. Brent raised eight claims in his 28 U.S.C. § 2254 petition. Docket Nos. 1, 2. Judge Parker recommended denying relief as to each claim. Brent now objects to the recommendation as to three of the eight claims. Docket No. 31. Further, Brent objected to Judge Parker's application of the standard of review provided in 28 U.S.C. § 2254(d)(1). *Id.*

Having reviewed all pleadings and applicable law, the Court will adopt the Report and Recommendation's factual findings and legal conclusions.

**I. Discussion**

This Court's standard is well-established. It reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which [an] objection is made." 28 U.S.C. § 636(b)(1). Under *de novo* review, a court "considers [the record] and make[s] its own determination on the basis of that record." *Scott v. Pyles*, 596 F. Supp. 3d 623, 627 (S.D. Miss. 2022).

### A. AEDPA's Standard of Review

Brent first objects to the Report and Recommendation on grounds that Judge Parker applied the wrong standard of review. He claims that Judge Parker improperly "leap frogg[ed]" over 28 U.S.C. § 2254(a) to start his analysis with 28 U.S.C. § 2254(d)(1). Docket No. 31. As Brent sees it, a court must assess the prejudicial effect of constitutional error in a state court trial under the "substantial and injurious effect standard set in *Brecht*." *Id.* at 3.

That is incorrect. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2254, controls. Section 2254(a) provides the threshold requirement—*not* the standard of review—to be applied in habeas corpus matters. As Brent acknowledges, a state prisoner may obtain habeas corpus relief in federal court only if "he is in custody in violation of the Constitution or laws or treaties of the United States." Docket No. 31 at 1; *see also* 28 U.S.C. § 2254(a). Section § 2254(a) informs courts when it is appropriate to "entertain an application for a writ of habeas corpus." 28 U.S.C. § 2254(a).

After a petition is filed, a court turns to § 2254(d)(1), which details *how* a court is to adjudicate the petition. A petition "shall not be granted," it says, unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law"; or "(2) resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). Judge Parker applied the correct standard of review.

Furthermore, the contention that Judge Parker should have applied the "substantial and injurious effect standard set in *Brecht*" is also incorrect. In *Brown v. Davenport*, the Supreme Court considered a petitioner's theory that under *Brecht*, "the court may grant relief

2

without applying AEDPA." 596 U.S. 118, 120 (2022). It rejected that theory. *See id.* Even if a petitioner can satisfy *Brecht*, he *must* satisfy the standards set out in 28 U.S.C. § 2254. The Supreme Court emphasized courts may not "override a lawful congressional command on the basis of curated snippets extracted from decisions." *Id.* Judge Parker, therefore, properly applied the standard of review required under 28 U.S.C. § 2254(d).

### B.  Sufficiency of the State Indictment

Next, Brent contests Judge Parker's conclusion that Brent failed to show that the state indictment was so defective as to strip the state court of jurisdiction. Docket No. 26 at 7.

Relief is not warranted on this ground.

The Fifth Circuit makes clear that "[t]he sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994). When the highest state court of appeals considers the sufficiency of an indictment and fails to find it fundamentally defective, a petitioner "is foreclosed from proceeding on these grounds in a federal forum." *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988).

At the conclusion of his direct appeal, Brent filed an *Application for Leave to Proceed in the Trial Court* before the Mississippi Supreme Court. Docket No. 22-8 at 18. Among other things, he claimed he was entitled to relief because the indictment was fatally defective, and therefore, void. *Id.* at 20. The Mississippi Supreme Court denied Brent's *Application*. Docket No. 22-8 at 114 ("Having duly considered the application, the panel finds that it should be denied."). Absent a written opinion, the Court presumes that the *Application* was denied on procedural grounds, because the argument should have been presented during Brent's direct appeal. But it is clear that the Mississippi Supreme Court considered the sufficiency of the

indictment argument and rejected it. Brent is, therefore, foreclosed from proceeding on this ground in a federal forum.

### C. Whether the Jury Was Sworn

Brent next argues that the trial court's failure to swear in the jury violated his right to a fair trial, due process, and against double jeopardy. Docket No. 2 at 10. Judge Parker construed Brent's argument as two-fold: (1) the "trial court's application of state law and state procedural rules regarding the swearing in of a jury" was incorrect; and (2) the failure to swear in the jury deprived Brent of his right to federal due process. Docket No. 26 at 8.

For different reasons, the Court agrees with Judge Parker's determination that Brent is not entitled to relief on his claim that the jury was not sworn.

"[T]he proper interpretation of state law is not cognizable in federal habeas proceedings." *Beazley v. Johnson*, 242 F.3d 248, 261 (5th Cir. 2001); *see also Neyland v. Blackburn*, 785 F.2d 1283, 188 (5th Cir. 1986); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas."). For that reason, the Court only considers whether the alleged failure to swear in the jury violated the Constitution or a federal law.

"[T]here is no clearly established federal law requiring that a jury be sworn in a criminal trial." *Anderson v. Cain*, No. 1:21-CV-150-HSO-MTP, 2023 WL 3998370, at *13 (S.D. Miss. June 14, 2023), *appeal denied*, No. 23-60384 (5th Cir. July 17, 2023).[1] Consequently, even

---

[1] On appeal, the Fifth Circuit determined that Anderson did not make "a substantial showing of the denial of a constitutional right" as to any of his appealed claims, including Anderson's claim that his "federal due process rights were violated because his jury was not sworn." *Anderson v. Cain*, No. 23-60384, at 2 (5th Cir. July 17, 2023).

if the jury was not sworn, that failure did not violate the United States Constitution nor any federal law. The Court finds Judge Parker did not err in denying Brent relief on this ground.

### D. Application of Mississippi's Armed Robbery Statute

Lastly, Brent argues that the armed robbery statute was unconstitutionally applied to him because Jury Instruction S-4 "substituted and/or constructively amended" the *exhibition of a firearm* element with an *overt act* element. Docket No. 1 at 58; Docket No. 31 at 15-17.

Mississippi's armed robbery statute reads as follows:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person *by the exhibition of a deadly weapon* shall be guilty of robbery[.]

Miss. Code Ann. § 97-3-79 (emphasis added). Jury Instruction S-4 read as follows:

> When a defendant makes an *overt act* and a reasonable person would believe that a deadly weapon is present, there is no requirement that a victim must actually see the deadly weapon in order to convict. A victim is not requirement [sic] to have definite knowledge of a deadly weapon in the sense that the weapon must actually be seen by the victim's own eyes.

Docket No. 1, Ex. EA (emphasis added). In Mississippi, a defendant charged under the armed robbery statute can be convicted by a showing of an overt act that led a reasonable person to believe a deadly weapon was present. *See Dambrell v. State*, 903 So. 2d 281, 683 (Miss. 2005).

"Jury instructions generally may not form a basis for federal habeas corpus relief." *Gilmore v. Taylor*, 508 U.S. 333, 342 (1993). Brent, therefore, must establish that the "instruction by itself so infected the entire trial that the resulting conviction violates due process." *Jones v. Smith*, No. 1:19-CV-83-GHD-JMV, 2021 WL 31777414, at *4 (N.D. Miss. July 27, 2021). And when a constructive amendment is alleged to have occurred, the court must determine

"whether the instruction permitted the jury to convict the defendant on a factual basis that effectively modified an essential element of the offenses charged." *Id.*

In this case, at trial, the victim testified that while he never saw the gun, Brent put "what felt like the barrel of a gun" on him and threatened to shoot him if he did not provide Brent with money. Docket No. 26 at 20. Brent admitted to placing two fingers on the back of the victim's head. Judge Parker reasoned that the trial court's approval of Jury Instruction S-4 "follow[ed] a line of Mississippi cases holding that for purposes of armed robbery, when a defendant makes an over[t] art, a victim does not have to actually see a deadly weapon." *Id.* Because the indictment and jury instruction complied with Mississippi law, the Court finds no error in Judge Parker's determination as to this claim.

## II. Conclusion

With this supplementation, the Court adopts the Report and Recommendation as its own Order and dismisses with prejudice Brent's petition. A Final Judgment will issue separately. No certificate of appealability will be granted.

**SO ORDERED**, this the 3rd day of January, 2024.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
